[No. 21257.   Department Two.   August 30, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
BEARD, *Appellant*.[1]

[1] WITNESSES (104)—CREDIBILITY AND IMPEACHMENT—PRIOR CON-
VICTION—RECORD WITHOUT CROSS-EXAMINATION. The prior con-
viction of the accused who testifies in his own behalf may be
shown by the record of such conviction, without first cross-exam-
ining him on the subject.

[2] CRIMINAL LAW (109, 228) — EVIDENCE — FORMER CONVICTION TO
AFFECT CREDIBILITY—SCOPE OF EVIDENCE IN CHIEF. Since the
prior conviction of an accused cannot be shown to discredit his
testimony until he has offered himself as a witness, it is not a
part of the state's case in chief.

[3] EVIDENCE (115) — DOCUMENTARY EVIDENCE — AUTHENTICATION —
JUDICIAL RECORDS—JUSTICE OF PEACE. A justice of the peace is
the legal custodian of the records of his office, and may authen-
ticate copies thereof for admission in evidence.

[4] CRIMINAL LAW (183) — EVIDENCE — SUFFICIENCY — IDENTITY OF
MARKED MONEY. Marked money paid to accused for intoxicat-
ing liquor, is sufficiently identified by the testimony of witnesses
to whom the marks were pointed out, and who paid the money
and afterwards took it out of the accused's cash register.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered October 5, 1927,
upon a trial and conviction of being a jointist. Af-
firmed.

*W. C. Donovan*, for appellant.

*Chas. W. Greenough* and *Carl P. Lang*, for respond-
ent.

ASKREN, J.—Appellant, convicted of the crime of
being a jointist, appeals and urges several grounds of
error.

[1] His first error claimed is that the court erred
in permitting evidence in rebuttal which showed that

¹Reported in 269 Pac. 1051.

appellant had previously been convicted of a crime. Appellant testified as a witness in his own behalf. While so testifying, the state started to examine him with regard to such previous conviction by asking him whether he was the same person named in the transcript of the judgment of conviction issued from the justice court. Upon objection to the question, the state did not press the matter, but contented itself with introducing the record in rebuttal. This was proper. We held in *State v. Pielow,* 141 Wash. 302, 251 Pac. 586, that, under our statute, Rem. Comp. Stat., § 2290, it was not essential that a defendant be first cross-examined as to the conviction.

[2] Appellant has also urged that the evidence of conviction should have been offered as a part of the state's case in chief. But until a defendant has offered himself as a witness, the state may not attack his character. It is only after he testifies that evidence may be offered for the purpose of affecting the weight of his testimony.

[3] It is also urged that the transcript of the judgment of conviction did not show that it was authenticated by the "legal custodian thereof." The transcript in the usual form was issued and certified by S. A. Mann, a justice of the peace, the same justice before whom the conviction was had. Justices of the peace are the legal custodians of the records of their offices and we think it highly technical to urge that a certificate by a justice must contain a statement that he is the legal custodian of the records of his office.

[4] It is next said that there was a failure of identification of certain marked money offered as an exhibit in the case. With this contention we can not agree. It was not identified by the deputy sheriff who marked the money, due to the fact that he was not called as a witness, but another deputy sheriff testified

that the one who did the marking pointed the marks out to him before they were used to purchase the liquor from the appellant, and that a record of the marks was made by him. The same deputy sheriff testified that he took the same money from the appellant's cash register later in the day. Another witness testified that he paid this identical money to the appellant for liquor.

Other assignments of error are without substantial merit.

Judgment affirmed.

FULLERTON, C. J., BEALS, HOLCOMB, and MAIN, JJ., concur.