[No. 36872. Department Two. December 19, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
THEODORE SAYWARD, *Appellant*.*

*K. Edison Gimple*, for appellant.

*Paul Klasen*, for respondent.

*Reported in 387 P. (2d) 746.

DONWORTH, J.—George Theodore Sayward has appealed from the judgment and sentence based on his conviction of the four separate counts in the information filed against him by the prosecutor of Grant County. In the first count he was charged with driving a motor vehicle while under the influence of intoxicating liquor within a period of 5 years of a previous conviction of the same offense. In the last 3 of the counts he was charged with the crime of negligent homicide by means of a motor vehicle.

The facts of the case can be briefly stated. Appellant, on March 31, 1962, at about 10:30 p.m., was driving alone toward Ephrata in a 1951 Packard automobile on a 4-lane highway inside the city limits, when he crossed the center line and collided almost simultaneously head on with two other automobiles which were proceeding in the opposite direction. As a result of the collision, three young men were killed and a fourth was seriously injured.

The state's evidence at the trial tended to show that appellant had been drinking beer prior to the accident. There was a conflict in the evidence as to whether appellant was intoxicated at the time of the collision. There was also evidence tending to show that appellant, at the time of the collision, was operating the automobile at 78 miles per hour in a 50-mile zone. The jury found him guilty on all four counts contained in the information.

The statute (RCW 46.56.010) making it an offense to operate a motor vehicle while under the influence of intoxicants provides, in part:

"It is unlawful for any person who is under the influence of or affected by the use of intoxicating liquor or of any narcotic drug to drive or be in actual physical control of any vehicle upon the public highways.

". . .

"Upon the first conviction for the violation of the provisions of this section the court shall impose a fine of not less than fifty dollars or more than five hundred dollars and not less than five days or more than one year in jail, and shall, in addition thereto, suspend the operator's license of such person for not less than thirty days. Upon second conviction for a violation of the provisions of this section within a period of five years, the court shall impose a fine of not less

than one hundred dollars or more than one thousand dollars and not less than thirty days or more than one year in the county jail, and neither the fine nor the jail sentence so imposed shall be suspended, and shall, in addition thereto, suspend the operator's license of such person for not less than sixty days after the termination of such jail sentence. . . ."

The primary issue on this appeal (appellant's fourth and fifth assignments of error) is whether evidence of a prior conviction of the crime of operating a motor vehicle while under the influence of intoxicating liquor is admissible to increase the penalty of a charge of operating a motor vehicle while under the influence of intoxicating liquor, when that charge is included in an information which charges the defendant with three counts of negligent homicide by means of a motor vehicle. (RCW 46.56.040)

The prosecution was permitted by the trial court, over appellant's objection, to introduce evidence of a prior conviction in the justice court of operating a motor vehicle while under the influence of intoxicating liquor within a 5-year period. The question of its admissibility was discussed at some length in the absence of the jury. During this discussion the following occurred:

"Mr. Gimple: I think there is another objection in line with your habitual criminal statutes, that the alleging of a previous offense is only a matter of sentencing, and is not material to the inditement, and actually should be stricken from the inditement, as I pointed out to the court a couple weeks ago. It is a matter of proof subsequent to the conviction and not prior to the conviction.

"Mr. Klasen: There is a different penalty for the crime. It is our understanding of the law that we have to allege it so he knows what he is defending. This isn't an habitual criminal statute, this is the R.C.W. 46.56.010.

"The Court: Let me read that please. (Court read same.) From the reading of the portion of the Statute and the count that is set forth, to give the court authority to impose the penalty which is set forth in the Statute under the second conviction within five years, it would be necessary for the Count to so state it, wouldn't it?

"Mr. Klasen: That is the way we feel.

"The Court: If you didn't, then the court would have nothing before it to impose it.

"Mr. Klasen: That's right.

"The Court: It is your contention another trial be held after the third felony conviction and then bring in the habitual criminal . . .

"Mr. Gimple: That's right.

"The Court: That is a separate matter. Plaintiff's Exhibit 22 will be admitted over objection, and the record may show an exception thereto by the defendant's attorney. You may bring in the jury."

Thus, the trial court gave as his reason for admitting the evidence that RCW 46.56.010 requires its admission.

The jury was instructed, in instruction No. 9, as follows:

"You are instructed that before you can find the Defendant, George Theodore Sayward, guilty of the crime of Driving a Motor Vehicle while Under the Influence of Intoxicating Liquor as charged in Count 1 of the Information, you must find from the evidence in this case beyond a reasonable doubt, as follows:

"1. That the Defendant, George Theodore Sayward, on or about the 31st day of March, 1962, was driving a motor vehicle on a public highway in Grant County;

"2. That at said time and place the Defendant, George Theodore Sayward was operating said motor vehicle while under the influence of or affected by intoxicating liquor.

"3. That within a period of 5 years prior to the 31st of March, 1962, George Theodore Sayward was previously convicted of driving a motor vehicle while under the influence of intoxicating liquor.

"If You Find that from the foregoing elements 1, 2 and 3, have not been established by the evidence in this case beyond a reasonable doubt, you must acquit the Defendant, but if you find all of these elements to have been so established beyond a reasonable doubt, you should find him guilty as charged."

 The general rule is that evidence of a prior conviction is not admissible. *State v. Beard,* 148 Wash. 701, 269 Pac. 1051 (1928). A similar problem is discussed in *State v. Dinges,* 48 Wn. (2d) 152, 292 P. (2d) 361 (1956), where we said, at page 154:

"A defendant must be tried for the offense charged in the indictment or information. To introduce evidence of an unrelated crime is grossly and erroneously prejudicial, unless the evidence of the unrelated crime is admissible to

show motive, intent, the absence of accident or mistake, a common scheme or plan, or identity. These exceptions are not necessarily exclusive; in numerous cases cited, we have pointed out that the true test of admissibility is that the evidence of other criminal offenses must be relevant and necessary to prove *an essential ingredient* of the crime charged.

"Testimony of the alleged burglary, in the instant case, establishes no essential ingredient of the crime of illegal possession of narcotics. Its admission in evidence, under these circumstances, was prejudicial to appellant."

Another exception to the rule is provided by RCW 10.52-.030, which allows the state to show a conviction of a felony or misdemeanor for the purpose of attacking the credibility of a defendant if he takes the stand as a witness. *State v. Maloney,* 135 Wash. 309, 237 Pac. 726 (1925); *State v. Lindsey,* 27 Wn. (2d) 186, 177 P. (2d) 387 (1947), and cases cited. In this case, appellant did not take the stand.

In *State v. Stump,* 16 Wn. (2d) 140, 132 P. (2d) 727 (1943) (relied upon by the state), the admissibility of evidence of prior convictions was considered. There, the defendant was charged with the unlawful possession of liquor, with intent to sell it, the penalty for which is increased for subsequent offenses (RCW 66.44.180). Defendant Stump took the stand and, under cross-examination, admitted she had two prior convictions of similar offenses. Confronted with the question of whether additional evidence of the prior convictions (consisting of certified copies of the judgments and sentences) should be admitted to prove the requirements of an aggravated offense, the trial court concluded that, because defendant Stump had taken the stand and admitted the prior convictions, the additional evidence would be allowed.

The question presented to this court in *Stump* was whether appellant was prejudiced by the introduction of evidence of the prior convictions. This court in effect concluded that appellant had not been prejudiced by the evidence. It was argued by Mrs. Stump that admitting the evidence at the trial for the purpose of increasing the penalty was improper, and that procedure similar to that used

in habitual criminal cases should be followed. This argument was rejected because that procedure had not been followed in Washington in other liquor violation cases or in other jurisdictions having similar liquor statutes. In its opinion, this court then stated as dictum that the procedure there outlined[1] should be applicable to all aggravated offense statutes.

We disagree with the broad statement made in *Stump*. We hold that it is prejudicial error to allow evidence of a prior conviction of a similar offense to be introduced in a jury trial where the defendant has not taken the stand and where no other exception to the general rule is shown to exist. This evidence is highly prejudicial and easily tends to distract the jury from the primary charge before it because they may conclude that because he had once committed the offense, it is more likely that he had done so again. In our opinion, the procedure permitted in *Stump* should not be extended beyond that case or carried over to other situations. We need not now decide whether *Stump* should be overruled because in this case there is a vital distinction, *i.e.* appellant did not take the witness stand, and, consequently, evidence of the prior conviction could not have been admitted under RCW 10.52.030.

The propriety of the use of evidence of a prior conviction was specifically discussed in the cogently written case of *State v. Ferrone*, 96 Conn. 160, 113 Atl. 452, 456 (1921). There the court said it was proper for an information to allege a prior conviction when an increased penalty is sought. However, as to the proper method of proceeding in such a case, the court then said, at page 172:

" . . . in such an information 'two separate issues are presented: first, was the defendant guilty of the crime charged? This relates to the crime only. Second, if guilty, had the defendant twice before been convicted, sentenced and imprisoned? This relates to the penalty only, and does not involve or state any other or different crime from that first stated. The jury must by their verdict answer each of

---

[1]The procedure outlined would include the alleging, in the information, of the prior offense and submission of proof to the jury, under proper instruction, along with proof of the primary charge.

these issues.' This plainly indicates that the first issue should be taken up and tried by the jury first and separately; and, if the accused be found guilty on this issue, then the second issue should be tried; and, if the accused be found guilty on this issue also, then the maximum punishment prescribed by the statute must be the sentence of the court. It cannot be believed that an accused man would ever have a fair trial, resulting in a verdict not affected by prejudice or by considerations by which the jury should not be influenced, if, during that trial, allegations that he has twice before been convicted of State prison crimes have been read to the jury, and evidence of his former convictions has been placed before them. It is beyond question that knowledge of such facts must necessarily prejudice the minds of his triers against the accused, and cause him more serious injury than that which he would suffer from any improper remarks of the State's Attorney. No one would claim that in a trial for a specific crime evidence of another crime committed by the accused could be admitted for the purpose of proving his guilt of the crime alleged. The purpose of a criminal trial in this State is not more to punish the guilty than to discharge the innocent. Whatever may have been the previous offenses or the bad character of the accused, the law surrounds him with the presumption that he is innocent of the specific crime with which he is charged, and, while that presumption has no evidential force, it casts upon the State the burden of proving that the accused is guilty of that specific crime by evidence of facts material and relevant to that crime. . . . A man is not to be convicted of one crime by proof that he is guilty of another. Therefore our law sedulously guards against the introduction of evidence of any matter immaterial or irrelevant to the single issue to be determined. The purpose of these salutary laws might often be defeated if the minds of the jurors were subjected to the influence of facts or considerations having no legitimate bearing on the only question they have to decide, and their verdict be reached under the impulse of passion, sympathy, or resentment. Such a verdict is illegal and will be set aside. . . . The rule everywhere enforced excludes not only evidence of another crime, but also evidence tending to degrade the accused, to prejudice the jury against him, to divert their minds from the real issue which they have to determine, or to persuade them by matters which they have no legal right to consider that the accused, for reasons other than those based upon legitimate evidence,

was more likely to have committed the particular crime for which he is on trial.

" . . .

"In the absence of statutory regulation in this State, it is our opinion that a procedure similar to that prescribed by an English statute (24 & 25 Vict. c. 99, s. 37) should be followed. *Reg. v. Martin,* L. R. 1 Cr. C. 214. The information should be divided into two parts. In the first, the particular offense with which the accused is charged should be set forth; and this should be upon the first page of the information and signed by the prosecuting officer. In the second part, former convictions should be alleged, and this should be upon the second page of the information, separable from the first page, and signed by the prosecuting officer. The entire information should be read to the accused and his plea taken in the absence of the jurors. When the jury has been impaneled and sworn, the clerk should read to them only that part of the information which sets forth the crime for which the accused is to be tried. The trial should then proceed in every respect as if there were no allegations of former convictions, of which no mention should be made in the evidence, or in the remarks of counsel, or in the charge of the court. When the jury retire to consider their verdict, only the first page of the information, on which the crime charged is set out, should be given to them. If they return a verdict of guilty, the second part of the information, in which former convictions are alleged, should be read to them without reswearing them, and they should be charged to inquire on that issue. Of course, the accused may plead guilty to this part of the information, and then no further proceedings before or by the jury would be necessary. No reason appears why the accused, if he should choose, might not submit this issue to the court without the jury."

See, also, *Armstrong v. Potter,* 20 Conn. Supp. 101, 125 A. (2d) 389 (1956).

We think that in this state the Connecticut procedure for the use of evidence of prior convictions to increase the penalty should be followed. To follow the procedure permitted by the trial court in this case is to deprive appellant of due process of law. The evidence was not relevant, nor was it an element of the crime for which appellant was charged. The prior conviction can be used only for sentencing after he has been convicted in the pending trial. As we said in *State v. Bowman,* 57 Wn. (2d) 266, 271, 356

P. (2d) 999 (1960), which was also a prosecution for negligent homicide with a motor vehicle:

" . . . The question of the sentence to be imposed by the court is never a proper issue for the jury's deliberation, except in capital cases. . . ."

Therefore, we are of the opinion that the jury in the first instance should only consider the question of whether appellant, at the time and place specified in the information, was driving while under the influence of intoxicating liquor. If the defendant has had one or more prior convictions, the determination of whether he is subject to an increased penalty should be determined in proceedings subsequent to a conviction on the pending charge.

We, therefore, hold that appellant must be granted a new trial because of the erroneous admission, over his objection, during the trial of the evidence of his prior conviction as alleged in count 1 of the information. The fundamental unfairness of the procedure followed in this case deprived appellant of due process as to his trial on all four counts contained in the information.

Attention must now be given as to certain of appellant's remaining assignments of error.

■ Appellant's motion prior to trial for a change of venue was properly denied by the trial court. The motion would seem to have been made upon the basis of RCW 10.25.070. The procedure in the statute requiring an affidavit of defendant and supporting evidence of local prejudice was not followed. Appellant's next claim of error, concerning the trial court's failure to grant a change of venue for prejudice of the trial judge, is raised for the first time on appeal and will not be considered on this appeal. *State ex rel. Cosmopolis Consol. School Dist. No. 99 v. Bruno,* 61 Wn. (2d) 461, 378 P. (2d) 691 (1963), and cases cited.

■ The granting or denying of the motion for a change of venue on the ground of local prejudice is discretionary with the trial court and will not be reversed unless there is an abuse of discretion. *State v. Collins,* 50 Wn. (2d) 740,

314 P. (2d) 660 (1957), and cases cited. We find no abuse of discretion in this case.

■ Appellant further assigns error to certain instructions given by the court and the refusal to give a requested instruction. We shall not consider these assignments of error because the statement of facts is void of any record of the offer of or the taking of exceptions to instructions.

" . . . It is now familiar law that, unless timely exceptions are taken, the instructions become the law of the case. . . ." *Agranoff v. Morton*, 54 Wn. (2d) 341, 345, 340 P. (2d) 811 (1959).

The remaining assignments of error of appellant need not be considered because they refer to matters that are not likely to arise upon a retrial.

Because of the denial to appellant of due process of law hereinabove described, the judgment and sentence is reversed as to all four counts and the cause is remanded for a new trial.

OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.