[No. 5438–1. Division One. May 22, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT C. GAIRNS, *Appellant.*

*John R. Muenster* of *Seattle–King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Helen A. Harvey, Deputy,* for respondent.

FARRIS, C.J.—Robert C. Gairns appeals from a judgment and sentence entered upon a jury verdict finding him guilty of first–degree robbery while armed with a deadly weapon.

In the early morning hours of October 22, 1976, Gairns and a companion entered a "7-11" store in West Seattle and forced the store clerk at knife–point to surrender the money in the cash register. The defense at trial was voluntary intoxication and lack of criminal intent. Gairns assigns error to the admission of evidence on rebuttal from which the jury could infer that he had previously been convicted

of a crime and to the trial court's comments to defense counsel which, he contends, put both counsel and client in an unfavorable light before the jury.

■■ The admission and the determination of the propriety of rebuttal evidence rests within the discretion of the trial court. *State v. White,* 74 Wn.2d 386, 444 P.2d 661 (1968); *State v. McCray,* 15 Wn. App. 810, 551 P.2d 1376 (1976). Here, eight defense witnesses testified that Gairns had been drinking heavily prior to the holdup. The prosecution sought to rebut evidence of voluntary intoxication and lack of intent by introducing the following testimony of a probation and parole officer who visited Gairns after his arrest and incarceration:

> Mr. Gairns said something to the effect that I was responsible for making him do this. I asked him how I was responsible, and he stated that I was pressuring him to pay off his court-ordered costs; and if he didn't pay, that I was going to arrest him and throw him in jail.

Gairns asserts that the references to a probation and parole officer, court-ordered costs, and jail were prejudicial and deprived him of a fair trial. We disagree. While evidence of prior convictions is generally inadmissible, *State v. Sayward,* 63 Wn.2d 485, 387 P.2d 746 (1963), exceptions are recognized for evidence which shows intent or which relates to any material issue before the jury. *State v. Wells,* 17 Wn. App. 146, 561 P.2d 697 (1977). The question of voluntary intoxication was raised by Gairns. It was necessary for the prosecution to prove beyond a reasonable doubt that Gairns had, in fact, the requisite intent to steal. The testimony of the probation officer is probative on an essential element of the crime charged and therefore admissible.

■ Gairns argues that even if the testimony is admissible, the trial court committed reversible error by permitting the witness to identify himself as a probation and parole officer. While we agree that the jury could have inferred from the witness' statement of his occupation when combined with his other testimony that Gairns had previously

been convicted of a crime, the alleged error must be viewed in the context of all of the evidence.

> A prejudicial error may be defined as one which affects or presumptively affects the final results of the trial. . . . When the appellate court is unable to say from the record before it whether the defendant would or would not have been convicted but for the error committed in the trial court, then the error may not be deemed harmless, and the defendant's right to a fair trial requires that the verdict be set aside and that he be granted a new trial. But, where the defendant's guilt is conclusively proven by competent evidence, and no other rational conclusion can be reached except that the defendant is guilty as charged, then the conviction should not be set aside because of unsubstantial errors. . . . To determine whether prejudice has resulted, it is necessary that the appellate court examine the entire record.

(Citations omitted.) *State v. Martin,* 73 Wn.2d 616, 627, 440 P.2d 429 (1968). Several photographs were taken by a hidden camera and admitted into evidence; three show Gairns in front of the open cash register holding a long knife in his right hand. The store clerk, who was the sole eyewitness, also identified Gairns at a pretrial lineup and in court. The clerk testified that there was no indication that either Gairns or his companion was intoxicated at the time of the incident. In view of the overwhelming evidence in the record supporting the jury verdict, we cannot find that the admission of inferential evidence of a prior conviction deprived Gairns of a fair trial. *See State v. Mack,* 80 Wn.2d 19, 490 P.2d 1303 (1971) and *State v. Baker,* 4 Wn. App. 121, 480 P.2d 778 (1971).[1]

The second assignment of error concerns admonitions of defense counsel by the trial court which, it is alleged, "indicated a lack of respect for the defense role and also for counsel's role both throughout the voir dire and through the trial; . . . " Gairns contends that remarks such

---

[1]While an instruction regarding the identity of the probation officer might have been given, none was requested. *See Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp.,* 66 Wn.2d 469, 403 P.2d 351 (1965).

as, "Oh, that is enough of it," "He answered the question, but counsel, just don't try the case on voir dire," and "You are not giving [the prospective juror] a fair chance," impaired the effectiveness of counsel and contravened the right to a fair and impartial trial.

> Rebukes of an attorney within the presence of the jury are within the discretion of the trial court and do not warrant a reversal unless prejudice is shown. Prejudice may be presumed, however, if the remarks were calculated to have a prejudicial effect.

*State v. Stamm*, 16 Wn. App. 603, 615, 559 P.2d 1 (1976). The record reveals no prejudice, and we do not find from the record that the remarks were calculated to have a prejudicial effect. The remarks complained of did not impugn the integrity of defense counsel or insinuate unethical conduct; they do not warrant the granting of a new trial.

Affirmed.

JAMES, J., concurs.

RINGOLD, J. (dissenting)—I agree with the majority that the statement made to the probation officer by the defendant was probative on an essential element of the crime charged and was admissible. My disagreement, however, relates to permitting the witness, Kirk McKiddy, to identify himself as a probation officer. McKiddy's testimony conveyed to the jury the fact that he was Gairns' probation officer and that the defendant had been previously convicted of a crime. The court's failure to take necessary precautions to prevent this compels the granting of a new trial. A recital of the proceedings leading up to McKiddy's testimony is necessary for a fuller understanding of this issue.

On the premise that Gairns would not testify, his counsel timely made motions for orders in limine. The motions asked the court to preclude any reference to: (a) any prior conviction of the defendant, (b) the fact that the defendant was in jail at the time of trial, and (c) any prior periods of incarceration of the defendant.

After defense counsel completed his argument for an order in limine, the deputy prosecuting attorney advised the court that he did not intend to make any references to the fact that the defendant was in jail. The prosecuting attorney also said: "I am not really concerned about his prior convictions in a sense of proving his convictions." The prosecutor urged the court, however, to allow him to place the defendant's probation officer, Kirk McKiddy, on the stand to testify that the defendant made certain statements to him in the King County jail.

The trial court ruled that the defendant's prior convictions were not to be admitted for the purpose of testing credibility. The court, however, stated that if the defense raised the issue of defendant's capacity to commit the crime, McKiddy's testimony would be admissible. Defendant's counsel pointed out that identification of the probation officer would bring in evidence of a prior conviction. The court told defense counsel that he would deem the defense to have "opened the door, by presenting the defense of intoxication." Defense counsel then urged the court to rule that McKiddy could not be identified in testimony before the jury as defendant's probation officer. He suggested that McKiddy merely identify himself as Mr. McKiddy. The court denied the request, stating: "It is necessary to show why he was there. . . ."

Gairns did not testify on his own behalf. At the conclusion of defendant's case, counsel again made his motion to exclude McKiddy's testimony and also pointed out that to "allow Mr. McKiddy to be identified as a probation officer is to circumvent the rule against use of prior convictions when the defendant is not taking the stand."

The State called McKiddy in rebuttal. Over objections he was permitted to identify himself as an Adult Probation and Parole Officer for the State of Washington and to testify that he had conversed with the defendant on the tenth floor of the King County courthouse. Over objections and motions to strike, McKiddy was allowed to tell the jury

that "[he had] my orders of arrest and detention—otherwise known as detainers." The prosecuting attorney then told the court: "He can strike the reference to that, I don't care about that." The court then stated: "All right." No corrective instruction was given to the jury to disregard the testimony and striking it, nor did the court give any cautionary instruction with respect to the limited purpose for which the Gairns statement to McKiddy was being offered.

If he testifies, evidence of a prior conviction of a defendant may be introduced pursuant to RCW 10.52.030 only as it may affect his credibility.

Exceptions exist permitting evidence of other crimes to be admitted whether a defendant testifies on his own behalf or not.

The majority concedes that the trial court erred in failing properly to circumscribe McKiddy's testimony to the statement which would negate Gairns' assertion that he was too drunk to have the requisite intent.

As a result of this error, the inference that Gairns had a prior conviction was a matter in evidence which the jury could consider. The door to testimony of defendant's prior conviction was not opened. McKiddy's identification could have been limited to that of "an officer." The majority searches the record and rules that the evidence of the defendant's guilt was so overwhelming that this error was not prejudicial, and therefore affirms.

I disagree with the majority; in my opinion the case authority in Washington impels a determination that the introduction of evidence of a prior conviction is prejudicial per se.

The Supreme Court in *State v. Eder,* 36 Wash. 482, 78 P. 1023 (1904) held at 483–84:

> In all the appellate courts, at the present day, evidence that the defendant has been guilty of a separate and distinct crime from that for which he is being tried, when offered for the purpose of aiding the conviction of the defendant is held inadmissible, and reversible error when admitted over proper objection.

In *State v. Devlin,* 145 Wash. 44, 258 P. 826 (1927), the identification of the defendant as a participant in a robbery was at issue. In the course of redirect examination, with respect to a witness' identification of the defendant, he was asked where he had seen a picture of the defendant before he had identified him at the jail. In replying, the witness stated: "I saw it in the rogue's gallery." The court relying upon *State v. Eder, supra,* and *State v. Ferrone,* 96 Conn. 160, 113 A. 452 (1921) held that such redirect examination was improper, denied the defendant a fair trial and therefore reversed.

In a second appeal of the *Ferrone* case, 97 Conn. 258, 116 A. 336 (1922) a detective sergeant, over objections of the defendant, testified to a conversation with the accused at the time of his arrest:

> "I said, 'I am going to take you to headquarters and verify the fact the picture of yours is there and you are wanted.' He said, 'No, I was never arrested in my life before.' I said, 'I'll have to take you over anyway.' . . . While waiting for a car, Moog, a fellow officer of Higgins, said to Ferrone: 'Why you just came out from doing seven years in Sing Sing.'"

> The court said:

> "Evidence tending to show the commission of other crimes on the part of the accused, or facts disclosing his bad character or repute, are not material or relevant to the charge against the accused and should never be permitted to be introduced, for its purpose can be none other than to prejudice the jury against the accused, and hence to deny him the fair trial which the law guarantees him of being proven guilty of the crime with which he stands charged by evidence which our law accepts. None of the conversation between Higgins and the accused was admissible. None of it related to the charge against the accused. It was obviously intended for the purpose of picturing the accused as a notorious criminal."

*State v. Devlin, supra* at 50.

The question was resolved in *State v. Sayward,* 63 Wn.2d 485, 490, 387 P.2d 746 (1963) where the court held:

We disagree with the broad statement made in *Stump* [*State v. Stump,* 16 Wn.2d 140, 132 P.2d 727 (1943)]. We hold that it is prejudicial error to allow evidence of a prior conviction of a similar offense to be introduced in a jury trial where the defendant has not taken the stand and where no other exception to the general rule is shown to exist. *This evidence is highly prejudicial* and easily tends to distract the jury from the primary charge before it because they may conclude that because he had once committed the offense, it is more likely that he had done so again. In our opinion, the procedure permitted in *Stump* should not be extended beyond that case or carried over to other situations. We need not now decide whether *Stump* should be overruled because in this case there is a vital distinction, *i.e., appellant did not take the witness stand, and, consequently, evidence of the prior conviction could not have been admitted under RCW 10.52.030.*

(Italics mine.)

Evidence of the probation officer's identification and of his statements referring to orders for arrest and detention was prejudicial per se and requires reversal of Gairns' conviction.

Reconsideration denied August 22, 1978.

Review denied by Supreme Court December 14, 1978.