[No. 31686.   Department One.   August 9, 1951.]

THE STATE OF WASHINGTON, *Appellant,* v. PAULINE BECKER, *Respondent.*[1]

[1]Reported in 234 P. (2d) 897.

*Ronald R. Hull* and *Roberta Kaiser,* for appellant.

*Lincoln E. Shropshire,* for respondent.

DONWORTH, J.—Defendant, Pauline Becker, was charged in the superior court of Yakima county with the crime of grand larceny by false representation, the information alleging that the crime was committed as follows:

"PAULINE BECKER, on or about between September 8, 1948 and January 1, 1950, within Yakima County, Washington, then and there being, and with intent to deprive and defraud the State of Washington, by and through its Department of Social Security, and Yakima County, Washington, by and through its County Welfare Department, did then and there knowingly, willfully and feloniously obtain from the State of Washington and Yakima County, Washington, the owner thereof, possession of certain personal property, to-wit: lawful money of the United States of America in excess of $25.00, by color and aid of fraudulent and false representations, by then and there falsely and fraudulently apply[ing] for and receiving old age assistance grants in said amounts from said State of Washington and Yakima County, contrary to the statutes in such case made and provided, and against the peace and dignity of the State of Washington."

Defendant moved the court to quash the information primarily on the ground that the alleged acts did not constitute the crime of grand larceny. The court granted the motion and entered an order quashing the information and dismissing the action. From that order, the state appeals.

Respondent's contention is that the only statutory provision making it unlawful to commit the acts described in the information was the portion of Rem. Rev. Stat. (Sup.), § 9998-20 [P.P.C. § 921-95] (Laws of 1935, chapter 182, § 20, p. 861, relating to old-age assistance) reading as follows:

"Any person who by means of a wilfully false statement or representation, or by impersonation, or other fraudulent

device, obtains, or attempts to obtain, or aids or abets any person to obtain:

"(a) Assistance to which he is not entitled; . . .

". . . shall be guilty of a misdemeanor."

Hence, it is argued that respondent cannot be charged with the crime of grand larceny because the legislature has declared the acts charged in the information to constitute a misdemeanor.

Appellant's contention is that the senior citizens grants act (Laws of 1941, chapter 1, p. 3, Rem. Supp. 1941, § 9998-34 *et seq.*) repealed Rem. Rev. Stat. (Sup.), § 9998-20, so that in 1948 and 1949, when respondent's alleged fraudulent procurement of assistance took place, the general larceny statute (Rem. Rev. Stat., § 2601 [P.P.C. § 117-47]) applied.

If Rem. Rev. Stat. (Sup.), § 9998-20, was still in force at that time, it operated to create an exception to the general larceny statute, on the principle that, where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general law. *Hartig v. Seattle,* 53 Wash. 432, 102 Pac. 408; Sutherland, Statutory Construction (3d ed.) 488, § 2022.

Thus the primary problem presented by this appeal is whether Rem. Rev. Stat. (Sup.), § 9998-20, was repealed by the senior citizens grants act of 1941.

A statute may be either expressly or impliedly repealed. Rem. Supp. 1941, § 9998-55, provides "All acts or parts of acts in conflict herewith are hereby repealed." Such a repealing clause does not constitute a direct repeal and does not have the effect of repealing any part of the prior act which would not be repealed in its absence. *Batchelor v. Palmer,* 129 Wash. 150, 224 Pac. 685; *State v. Cross,* 22 Wn. (2d) 402, 156 P. (2d) 416; Sutherland, Statutory Construction (3d ed.) 466, § 2013. There is thus no express repeal of Rem. Rev. Stat. (Sup.), § 9998-20, contained in the 1941 act.

In determining whether there has been an implied repeal of that section, the case of *Abel v. Diking & Drainage Improvement Dist.,* 19 Wn. (2d) 356, 142 P. (2d) 1017, is pertinent. In that case, we said:

"Repeals by implication are ordinarily not favored in law, and a later act will not operate to repeal an earlier act except in such instances where the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede the prior legislation on the subject, or unless the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot, by a fair and reasonable construction, be reconciled and both given effect."

See, also, *Peterson v. King County,* 199 Wash. 106, 90 P. (2d) 729; *State v. Cross, supra; Rosenthal v. Tacoma,* 31 Wn. (2d) 32, 195 P. (2d) 102; *Lindsey v. Superior Court,* 33 Wn. (2d) 94, 204 P. (2d) 482.

Applying this rule to the problem before us, the inquiry is narrowed to whether the 1941 act covers entirely the subject matter of the earlier act. It is not suggested by appellant that there is anything in the 1941 act clearly inconsistent with, and repugnant to, Rem. Rev. Stat. (Sup.), § 9998-20. The 1941 act contains no provision making it a criminal offense to obtain assistance by means of fraudulent representations.

It is clear, as contended by appellant, that the senior citizens grants act of 1941 was intended to supplant, to a very substantial extent, the prior old-age assistance legislation. A comparison of the 1941 and 1935 acts demonstrates that the later act provides a new system of old-age assistance and that, as to such matters as eligibility, application for assistance, amounts to be paid, investigation and hearings, the 1935 act was supplanted. However, as pointed out above, there is nothing in the 1941 act relating to penalties for fraudulent procurement of grants.

While in the respects above noted the provisions of the 1935 act have been replaced by those of the 1941 act, we are of the opinion that the entire subject matter of the 1935 act has not been supplanted. The 1935 act undertook to prescribe penalties for doing the acts charged in the information; the 1941 act did not. The two acts are not inconsistent in that respect. It does not seem to us reasonable to assume that the people in adopting the senior citizens

grants act intended to abolish the penalty imposed by the prior act for obtaining assistance by means of fraudulent conduct. We are of the opinion that Rem. Rev. Stat. (Sup.), § 9998-20, was not impliedly repealed by the senior citizens grants act of 1941, and that it was in effect during the period referred to in the information.

▪ If it be considered that one who violates the provisions of Rem. Rev. Stat. (Sup.), § 9998-20, should be subject to punishment for a felony, instead of for a misdemeanor, that is a problem addressed to the legislature or the people acting in their legislative capacity. The courts must construe penal statutes strictly as enacted by legislative authority. *State v. Hoffman,* 110 Wash. 82, 188 Pac. 25.

▪ Because Rem. Rev. Stat. (Sup.), § 9998-20, has not been repealed, either expressly or by implication, and because it is an exception to the general larceny statute (Rem. Rev. Stat., § 2601), there is no statutory basis to support a charge of grand larceny by false representation under the allegations of the information. Since the information charges respondent with the commission of acts which amount to a misdemeanor only, the trial court's order quashing the information must be, and hereby is, affirmed.

SCHWELLENBACH, C. J., BEALS, HILL, and FINLEY, JJ., concur.