[No. 34767. Department Two. February 19, 1959.]

THE CITY OF AIRWAY HEIGHTS, *Appellant*, v. DELBERT R. SCHROEDER, *Respondent*.[1]

*John J. Schiffner*, for appellant.

*Paine, Lowe, Coffin & Herman*, for respondent.

ROSELLINI, J.—The defendant was arrested while driving on primary state highway No. 2 within the limits of the town

[1] Reported in 335 P. (2d) 578.

of Airway Heights and was charged with speeding, in violation of ordinance No. 10 of that town. He was found guilty in justice court, but on appeal to the superior court of Spokane county, his challenge to the validity of the ordinance was sustained, and the case was dismissed. We are asked, on this appeal, to reverse that ruling.

RCW chapter 47.24 deals with the designation of city streets as state highways, their construction, maintenance and administration. RCW (Sup. 1957) 47.24.020 provides *inter alia*:

"(11) Cities and towns shall regulate and enforce all traffic and parking restrictions on such streets, but all regulations adopted shall be subject to the approval of the state highway commission before becoming effective. Traffic control and parking regulations heretofore adopted by a city or town not identical with state laws shall become null and void unless approved by the state highway commission within one year after March 21, 1949;

"(13) The state highway commission shall install, operate, maintain and control at state expense all traffic control signals, signs and traffic control devices for the purpose of regulating both pedestrian and motor vehicular traffic on, entering upon, or leaving state highways in cities and towns having a population of fifteen thousand or less according to the latest federal census: *Provided,* That such cities and towns may submit to the state highway commission a plan for traffic control signals, signs and traffic control devices desired by them, indicating the location, nature of installation, or type thereof, or a proposed amendment to such an existing plan or installation, and the state highway commission shall consult with the cities or towns concerning the same prior to installing such signals, signs, or devices. . . ."

The town of Airway Heights has a population of approximately seven hundred people. Primary highway 2 was established prior to the incorporation of the town. It is now designated, within the city limits, as 14th avenue. The town is situated approximately ten miles from the city of Spokane, two miles from the Fairchild Air Force Base, and five miles from a Nike missile base.

The town council, believing the traffic and rate of speed on the highway to be excessive, passed an ordinance setting a speed limit of thirty-five miles an hour and submitted this ordinance to the highway commission. The commission advised the council that before an ordinance altering the speed limit could be approved, an engineering survey would have to be made, and offered its assistance if desired in making the survey. According to the evidence, a satisfactory survey was never completed, and the ordinance was not approved. However, the town authorities erected traffic control signs along 14th avenue, advising motorists that the speed limit was thirty-five miles per hour. The defendant was arrested while traveling at a speed of from fifty-five to sixty miles per hour on this portion of the highway.

Both parties assume that the established speed limit prior to the enactment of the ordinance was sixty miles per hour, although RCW 46.48.020 provides for a maximum speed of twenty-five miles per hour in incorporated cities and towns, except where otherwise provided. This section applies to the operation of .vehicles on primary highways within incorporated cities and towns. *Wood v. Chicago, Milwaukee, St. Paul & Pac. R. Co.*, 45 Wn. (2d) 601, 277 P. (2d) 345. The assumption made by the parties, and by the town council, was most probably occasioned by the fact that the only speed markers on the highway indicated a speed limit of sixty miles per hour. Whether the ordinance increased or decreased the speed limit is not significant in determining whether the council had the power to enact it. It is agreed, and the highway commission recognized, that the ordinance constituted an alteration of the existing speed limit.

■ The local authorities having changed the traffic regulations on the highway without the approval of the commission, the ordinance is invalid under the provisions of RCW (Sup. 1957) 47.24.020. The appellant contends, however, that the controlling statute is RCW chapter 46.48, prescribing safety rules for the operation of motor vehicles, and more particularly RCW 46.48.040, pertaining to local speed regulations. That section provides:

"No governing body or authority of any city or town or other political subdivision shall have the power to pass or enforce any ordinance, rule, or regulation requiring a different rate of speed than that specified under the provisions of the law of this state at which vehicles may be operated along or over the public highways of such city or town or political subdivision or otherwise to regulate the use of public highways thereof contrary to or inconsistent with the laws of this state; and all such ordinances, rules, and regulations now in force are void and of no effect: *Provided,* That on any portion of a city or town street where, on account of sharp curvature, highway construction or repairs, excessive traffic, any dangerous condition, or other temporary or permanent cause, it is deemed inadvisable for vehicles to operate at the maximum speed allowed by the law of this state the governing body or authority of the city or town or other political subdivision may fix a lower maximum speed or otherwise regulate speed by order, rule, or regulation properly adopted: *Provided further*, That the governing body or authority of a city or town or other political subdivision may increase the maximum speed allowed upon its streets. . . ."

This provision was first enacted in 1937 (Laws of 1937, chapter 189, § 66, p. 886) and was re-enacted by chapter 28, § 2, Laws of 1951, p. 53. Subdivisions (11) and (13) of RCW 47.24.020 were enacted by Laws of 1949, chapter 220, § 5, p. 736, and were re-enacted in 1953, 1955, and most recently by Laws of 1957, chapter 83, § 3, p. 337. It is apparent that these provisions have been in effect concurrently for nine years and have not been regarded by the legislature as irreconcilable.

■ If RCW 46.48.040 is regarded as applicable to city streets in general, which its wording manifests that it is, and RCW (Sup. 1957) 47.24.020 is viewed as a special law applying only to city streets which are designated as state highways, the two provisions can be given effect in accord with their purpose. Under this interpretation, the apparent conflict is resolved, and the provision applying to state highways within city or town limits amounts to an exception to the general privilege given to local authorities under RCW 46.48.040 to determine their own traffic regulations within

reasonable limits prescribed by the legislature. The legitimate interests of both the local authorities and the state highway commission are served by such an interpretation, and this was undoubtedly the legislative purpose.

■■ This construction of the statutes is in accord with the general rule that where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general law. *State v. Becker*, 39 Wn. (2d) 94, 234 P. (2d) 897. Also, it is in accord with the related rule that, the subsequent enactment of a statute which treats a phase of the same general subject matter in a more minute way consequently repeals *pro tanto* the provisions of the general statute with which it conflicts. 1 Sutherland, Statutory Construction (3d ed.) 488, § 2022; *In re Walder v. Belnap*, 51 Wn. (2d) 99, 316 P. (2d) 119.

The highway commission is not a party to this proceeding, and the question of whether it acted arbitrarily in refusing approval of the proposed ordinance is not before the court.

The trial court properly held the ordinance invalid for want of the highway commission's approval and dismissed the charge.

The judgment is therefore affirmed.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.