[No. 40444.    Department One.    September 4, 1969.]

THE CITY OF MERCER ISLAND, *Respondent,* v. ROBERT GORDON WALKER, *Appellant.**

*Reported in 458 P.2d 274.

*Duane S. Radliff,* for appellant.

*Montgomery, Purdue, Blankinship & Austin* and *George W. Akers,* for respondent.

DONWORTH, J. †—Robert Gordon Walker, Jr. (appellant) was charged by the city of Mercer Island (respondent) with violating city ordinance No. 174, § 9.519, prohibiting the operation of a motor vehicle on the public highways while under the influence of intoxicants or drugs.

The ordinance in question was passed on August 24, 1967 by the Mercer Island City Council and went into effect on that date. It adopts by reference both RCW 46.61.505, prohibiting the operation of a motor vehicle while under the influence of intoxicants, and RCW 46.61.510, prohibiting the driving of a motor vehicle while under the influence of drugs. Also, section 9.519 adopts by reference RCW 46.61.515, which defines the penalties to be imposed for violations of the aforementioned statutes.[1] Among the provisions of RCW 46.61.515 is a section requiring mandatory punishment for a second conviction of RCW 46.61.505 within 5 years. The applicable provision reads as follows:

---

†Justice Donworth is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amendment 38).

[1]It should be noted that ordinance No. 174, § 9.519 adopts by reference, in addition to the above mentioned three statutes, some 408 other RCW sections relating to the subject matter of the ordinance.

On a second or subsequent conviction of either offense [*i.e.* either RCW 46.61.505 or RCW 46.61.510] within a five year period he shall be punished by imprisonment for not less than thirty days nor more than one year and by a fine of not less than one hundred dollars nor more than one thousand dollars, and neither the jail sentence nor the fine shall be suspended.

The facts, out of which this action arose, show that on January 16, 1968 at approximately 2 a.m., Officer Joseph Bull of the Mercer Island Police Department observed appellant's automobile proceeding westward on U.S. Highway 10. Officer Bull watched as appellant's vehicle swerved to and fro on the highway, went off the shoulder of the road twice, and crossed over the lane divider into the inside westbound lane. Officer Bull signaled the appellant to stop the automobile. He thereupon requested appellant to produce his license and get out of the car. Without warning him of his constitutional rights, Officer Bull requested appellant to perform three sobriety tests known as the balance test, the finger-to-nose test and the heel-to-toe test. Appellant performed all three tests in a manner which was unsatisfactory, indicating to the officer that he was under the influence of or affected by an intoxicant.

After the unsatisfactory performance of these tests, Officer Bull placed appellant under arrest and advised him fully of his constitutional rights. He then took appellant to the Mercer Island Police Department where he was booked.

The cause was first tried in the Mercer Island District Justice Court and appellant was found guilty and sentenced to pay a $100 fine and serve 30 days in the city jail. Thereafter, appellant appealed to the superior court and received a de novo trial on an amended complaint containing the charges in question. On June 12, 1968 appellant was tried by the court, sitting with a jury, which resulted in a verdict of guilty.

After the verdict was returned, the trial court rendered an oral judgment sentencing appellant to pay a fine of $250 and serve 60 days in the county jail. The jail time was

suspended on the condition that appellant not receive any moving violations within 2 years. Thereafter on July 11, 1968, when the formal judgment was presented to the trial court for its signature, the trial court determined that under the provisions of RCW 46.61.515 it could not suspend the jail time, but was required to sentence appellant to serve at least 30 days in jail. Since this was the second conviction of appellant for the same offense within 5 years, the trial court believed itself bound by the mandatory language of RCW 46.61.515.[2] As a result of the foregoing judgment and sentence, appellant brings this appeal.

Appellant's first assignment of error challenges the trial court's instruction No. 1 which reads as follows:

> This matter before the court is an appeal from Justice Court. The defendant, Robert Gordon Walker, Jr., is charged by amended complaint with the crime of OPERATING A MOTOR VEHICLE UPON A PUBLIC HIGHWAY WHILE UNDER THE INFLUENCE OF OR AFFECTED BY INTOXICANTS AND/OR DRUGS, on the 16th day of January, 1968, in the City of Mercer Island, King County, Washington.
>
> To this charge the defendant has entered a plea of not guilty, which plea puts in issue every material allegation of the complaint.
>
> As I have previously stated, this is an appeal from Justice Court. The fact that defendant was convicted of the above charge in Justice Court shall not be considered by you, as a defendant has the right to appeal to Superior Court and the jury hears the case "de novo"; that is, hears the evidence over completely disregarding the fact that defendant was convicted of the charge in Justice Court. As he sits here today he is presumed to be innocent of the charge.

In objecting to the foregoing instruction, appellant asserts that the jury is informed that the justice court has found him guilty on the same set of facts. This information, thus given to the jurors, he maintains deprives him of a fair trial because the jurors will have a preconceived notion that he is in fact guilty. This, appellant submits, is prejudicial error.

---

[2]Parenthetically it may be stated that the present conviction was appellant's fourth conviction for the same offense in 8 years.

Respondent, on the other hand, submits that it is customary for trial courts in criminal matters to set forth the basic elements of the charge and give the jury sufficient facts to apprise them as to how the appellant got before the court. As authority respondent cites *State v. Ditmar*, 132 Wash. 501, 232 P. 321 (1925), as approving the giving of such information to the jury. Therein the prosecuting attorney, in his opening statement to the jury, made reference to the fact that the cause before them was on appeal from a justice court wherein defendants had been found guilty of the offense charged in the superior court complaint. Also, the trial court, in its charge to the jury, informed them that the cause had been initiated in the justice court and transferred to the superior court for trial. Essentially the same argument as presented by appellant herein was asserted by defendants in the *Ditmar* case. It was rejected by this court.

■ Our review of the record shows no prejudice constituting reversible error resulting from the giving of instruction No. 1. The trial court, in paragraph three of the instruction, specifically cautioned the jury that the trial was de novo and that they were not to consider the fact that appellant had been convicted of the same charge in the justice court. The court's instruction concluded with the forceful admonition: "As he sits here today he is presumed to be innocent of the charge."

In so ruling, however, we think it is immaterial whether appellant had been tried and convicted in the justice court and had appealed to the superior court. As was noted in the trial court's instruction, the new hearing in the trial court is de novo. With this in mind, we see no reason why either counsel or the trial court should make reference to proceedings on the same charge before the justice court. We think that the better practice is to avoid all reference to the trial in that court.

In his next assignment of error appellant submits that the trial court erred when it permitted Officer Bull to testify over objection as to the results of the physical tests (*i.e.* sobriety tests) performed by him at the scene of his

arrest prior to his having been advised of his right to counsel and his right against self-incrimination.

■ In so arguing appellant acknowledges that *Escobedo v. Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964) and *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), by their language, apply only to oral confessions and not to physical actions performed by the accused at the request of the arresting officer. However, appellant submits that the issue of whether physical actions are entitled to Fifth Amendment protections was not before the court in either *Escobedo* or *Miranda.* Where the accused's physical actions are recorded by the officer and used by him in his prosecution of the accused, appellant asserts he is entitled to the Fifth Amendment protections and cites *Schmerber v. California,* 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966) as tending to support his position.

We think appellant's argument is without merit in view of our decision in *State v. West,* 70 Wn.2d 751, 424 P.2d 1014 (1967). Therein, at 752-53, we announced the rule in this state and analyzed *Schmerber:*

> The privilege against self-incrimination protects an accused only from being compelled to testify against himself or otherwise provide the state with evidence of a testimonial or communicative nature. That compulsion which makes an accused the source of *real* or *physical* evidence does not violate the privilege. *Schmerber v. California,* 384 U.S. 757, 764, 16 L. Ed. 2d 908, 86 Sup. Ct. 1826 (1966); *State v. Craig,* 67 Wn.2d 77, 406 P.2d 599 (1965).
>
> *Schmerber* concludes that although the idea has been expressed in many different ways, most federal and state courts agree that the privilege against self-incrimination offers no protection against compulsion to submit to "fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to *stand,* to *assume a stance,* to *walk,* or to make a particular gesture." (Italics ours.) As indicated in *State v. Craig, supra,* at 82, the privilege does not apply to "a simple physical act, a bodily action like taking off shoes or rolling up sleeves or writing for identification. These are simply bodily exhibitions."

*See also State v. Duckett,* 73 Wn.2d 692, 440 P.2d 485 (1968).

Although *State v. West, supra,* and *State v. Duckett, supra,* involve defendants' appearances at police lineups, the rule of law set out in those cases is dispositive of the instant assignment of error.

We have previously held that where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general law. *State v. Becker,* 39 Wn.2d 94, 234 P.2d 897 (1951); *State v. Davis,* 48 Wn.2d 513, 294 P.2d 934 (1956); *Airway Heights v. Schroeder,* 53 Wn.2d 625, 335 P.2d 578 (1959). A related rule holds that where a general statute and a subsequent special law relate to the same subject, the provisions of the special statute must prevail. *State v. Collins,* 55 Wn.2d 469, 348 P.2d 214 (1960). Also, we have determined that where there is a conflict between a general and a special statute, covering the subject in a more definite and minute way, the specific statute will prevail. *State ex rel. Phillips v. State Liquor Control Bd.,* 59 Wn.2d 565, 369 P.2d 844 (1962). From the foregoing rules of law, we can now proceed to an analysis of appellant's next assignment of error.

Appellant's assignments of error three and four are intertwined and turn on the correctness of the trial court's ruling that RCW 46.61.515 takes precedence over RCW 9.95.200. The former statute reads in part as follows:

> On a second or subsequent conviction of either offense [*i.e.* RCW 46.61.505 or RCW 46.61.510] within a five year period he shall be punished by imprisonment for not less than thirty days nor more than one year and by a fine of not less than one hundred dollars nor more than one thousand dollars, and neither the jail sentence nor the fine shall be suspended.

The latter statute reads in part as follows:

> After conviction by plea or verdict of guilty of any crime, the court upon application or its own motion, may summarily grant or deny probation, or at a subsequent time fixed may hear and determine, in the presence of

the defendant, the matter of probation of the defendant, and the conditions of such probation, if granted.

A related statute, RCW 9.95.210, states:

Conditions may be imposed on probation. The court in granting probation, may suspend the imposing or the execution of the sentence and may direct that such suspension may continue for such period of time, not exceeding the maximum term of sentence, except as hereinafter set forth and upon such terms and conditions as it shall determine.

In essence, appellant's position is that RCW 9.95.200 allows any sentence to be suspended regardless of the restriction in RCW 46.61.515. We find no merit in this contention.

As they relate to the granting of probation and suspension of sentences, the foregoing RCW Title 9 statutes are general statutes. When the legislature enacted RCW 46.61.515, they were in existence. As we have noted, where a special statute is subsequently enacted relating to the same subject matter as the general statute, the special statute will control. RCW 46.61.515 is a special statute requiring mandatory punishment without suspension for two or more violations of RCW 46.61.505 and RCW 46.61.510 within a 5-year period.

Therefore, the trial court did not commit error when it determined that it could not suspend appellant's sentence and grant probation. This is strictly forbidden in certain cases enumerated in RCW 46.61.515. As a result thereof, the trial court did not err in entering the judgment of guilty on the verdict and sentence of $250 fine and 30 days in the King County Jail. Both the fine and jail sentence were required by the statutory dictates of RCW 46.61.515.

Lastly, appellant urges that the trial court erred in permitting respondent to cross-examine him in regard to three prior convictions for driving while under the influence of intoxicants or drugs. During the trial appellant objected to this line of cross-examination, but he was overruled by the trial court. In admitting this evidence, the trial court gave the following admonition to the jury:

This is not any evidence of his guilt in this case, and

you shouldn't consider it as such. You may consider it only as it may affect his credibility as a witness . . .

■ In *State v. Sayward*, 63 Wn.2d 485, 387 P.2d 746 (1963), we stated at 488-89:

> The general rule is that evidence of a prior conviction is not admissible. *State v. Beard*, 148 Wash. 701, 269 Pac. 1051 (1928). . .
>
> . . .
>
> Another exception to the rule is provided by RCW 10.52.030, which allows the state to show a conviction of a felony or misdemeanor for the purpose of attacking the credibility of a defendant if he takes the stand as a witness. *State v. Maloney*, 135 Wash. 309, 237 Pac. 726 (1925); *State v. Lindsey*, 27 Wn. (2d) 186, 177 P. (2d) 387 (1947), and cases cited. In this case, appellant did not take the stand.

Since appellant did not take the stand in *Sayward*, the exception was not applied. However, in the instant case, appellant did take the stand and testify on his own behalf. When this is done, his prior convictions may be shown for the purpose of attacking his credibility. The exception applies in the present case and we find the instant assignment of error without merit.

We are somewhat disturbed by the manner in which the amended complaint was drawn. Following a statement containing the substance of the charge, the amended complaint reads in part as follows:

> All of which is contrary to the form of City of Mercer Island Ordinance No. 174, *Section 5.19* passed by the City Council of the City of Mercer Island *on April 11, 1966*.

(Italics ours.) The foregoing statement in the amended complaint is incorrect. It should have read: Ordinance No. 174, *Section 9.519* passed by the City of Mercer Island on *August 14, 1967*. In fact, there is no section 5.19 in ordinance 174.

RCW 4.36.110 reads as follows:

> In pleading any ordinance of a city or town in this state it shall be sufficient to state the title of such ordinance and the date of its passage, whereupon the court

shall take judicial knowledge of the existence of such ordinance and the tenor and effect thereof.

In the instant case, appellant was not apprised of the true section number and was not informed of the correct date on which the ordinance was passed. The provisions of the statute were not met by this amended complaint.

Despite our misgivings as to whether appellant was properly apprised of the charges, no objection was made in the trial court as to how the ordinance was referred to or pleaded in the information and, therefore, we will not consider it on appeal. *See State v. Larson,* 49 Wn.2d 239, 240, 299 P.2d 568 (1956).

It should be noted that the respondent's counsel on appeal was not its trial counsel in the foregoing matter.

The judgment and sentence of the trial court is affirmed.

HUNTER, C. J., HILL, HAMILTON, and McGOVERN, JJ., concur.

November 14, 1969. Petition for rehearing denied.