[No. 279-3.   Division Three.   December 16, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH WAYNE WALLS, *Appellant*.

*Phelps R. Gose* (of *Gose, Gose & Reser*), for appellant.

*Arthur Eggers, Prosecuting Attorney,* and *Jerry A. Votendahl, Deputy,* for respondent.

MUNSON, C.J.—Defendant, Kenneth Wayne Walls, appeals his conviction for grand larceny, *i.e.,* obtaining goods

and merchandise by means of false and fraudulent representation.

The record shows defendant accumulated charges in the amount of $219.99 at a restaurant associated with the Royal Motor Inn in Walla Walla, Washington. He presented a BankAmericard belonging to John J. Keenan to cover the charges and represented that he had authority to sign the draft[1] on Keenan's behalf. The draft was subsequently returned by the National Bank of Commerce unpaid.

The factual determination upon which the verdict rested was whether defendant had Keenan's permission to use the card. The jury resolved that question in favor of the state.

Defendant contends an individual cannot be convicted of a felony for obtaining goods and merchandise from a restaurant by false and fraudulent representation under RCW 9.54.010(2)[2] because RCW 9.45.040[3] and RCW 19.48.110[4]

---

[1]

[2] "[RCW] 9.54.010 Larceny. Every person who, with intent to deprive or defraud the owner thereof—

" . . .

"(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling; . . ."

[3] "[RCW] 9.45.040 Frauds on innkeeper. Every person who shall obtain any food, lodging or accommodation at any hotel, restaurant,

specifically make defrauding an innkeeper a misdemeanor or gross misdemeanor respectively. We agree.

One cannot be guilty of larceny under RCW 9.54.010(2) for procuring meals by fraud from a restaurant or hotel since that crime comes exclusively within RCW 9.45.040. Both RCW 9.54.010(2) and RCW 9.45.040, although having earlier origins, were a part of the Laws of 1909, ch.

---

boarding house or lodging house without paying therefor, with intent to defraud the proprietor or manager thereof, or who shall obtain credit at a hotel, restaurant, boarding house or lodging house by color or aid of any false pretense, representation, token or writing, or who after obtaining board, lodging or accommodation at a hotel, restaurant, boarding house or lodging house, shall abscond or surreptitiously remove his baggage therefrom without paying for such food, lodging or accommodation, shall be guilty of a misdemeanor."

⁴[RCW] 19.48.110 Obtaining accommodations by fraud—Penalty. Any person who shall wilfully obtain food, money, credit, lodging or accommodation at any hotel, inn, boarding house or lodging house, without paying therefor, with intent to defraud the proprietor, owner, operator or keeper thereof; or who obtains food, money, credit, lodging or accommodation at such hotel, inn, boarding house or lodging house, by the use of any false pretense; or who, after obtaining food, money, credit, lodging, or accommodation at such hotel, inn, boarding house, or lodging house, removes or causes to be removed from such hotel, inn, boarding house or lodging house, his or her baggage, without the permission or consent of the proprietor, manager or authorized employee thereof, before paying for such food, money, credit, lodging or accommodation, shall be guilty of a gross misdemeanor. Proof that food, money, credit, lodging or accommodation were obtained by false pretense or by false or fictitious show or pretense of any baggage or other property, or that the person refused or neglected to pay for such food, money, credit, lodging or accommodation on demand, or that he or she gave in payment for such food, money, credit, lodging or accommodation, negotiable paper on which payment was refused, or that he or she absconded, or departed from, or left, the premises without paying for such food, money, credit, lodging or accommodation, or that he or she removed, or attempted to remove, or caused to be removed, or caused to be attempted to be removed his or her property or baggage, shall be prima facie evidence of the fraudulent intent hereinbefore mentioned.

In view of our holding, we are compelled to observe that although RCW 19.48.010 contains elements similar to those of RCW 9.45.040, it is distinguishable in that the definition of hotel, applicable to the former, relates only to hotels comprised of 15 or more rooms which are used for the accommodation of guests. The record does not disclose the number of rooms in the instant establishment, if any.

249, the first comprehensive criminal code passed by the legislature. As such, the two sections should be construed so as to produce a harmonious whole. *Markham Advertising Co. v. State,* 73 Wn.2d 405, 439 P.2d 248 (1968); 2 J. Sutherland, Statutory Construction § 4073 at 336 (3d ed. F. Horack 1943). The legislature established a special criminal category for the procurement of food, accommodations or lodgings by fraud from the class of businesses set forth in RCW 9.45.040 as opposed to the procurement of food or merchandise from any other type of business under RCW 9.54.010(2). Whether or not the reasoning underlying this segregation of such businesses in 1909 presently exists, is a determination which must be made by the legislature. We therefore find defendant was improperly charged and his conviction must be reversed.

Inasmuch as a new trial may be forthcoming, we comment summarily upon other alleged errors, namely: (a) The trial court did not err in refusing to admit evidence concerning defendant's payment of the charges incurred. See *State v. Nicely,* 171 Wash. 439, 18 P.2d 503 (1933). (b) The admission of evidence of similar transactions wherein defendant secured merchandise by the use of the credit card was proper within the guidelines of *State v. Scherer,* 77 Wn.2d 345, 462 P.2d 549 (1969).

The judgment and sentence are reversed and the case is dismissed.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied January 31, 1972.

Review granted by Supreme Court March 7, 1972.