[No. 42305. En Banc. December 7, 1972.]

THE STATE OF WASHINGTON, *Petitioner*, v. KENNETH WAYNE WALLS, *Respondent*.

*Jerry A. Votendahl,* for petitioner.

*Phelps R. Gose* (of *Sherwood, Tugman, Gose & Reser*), for respondent.

*Robert E. Schillberg, Prosecuting Attorney,* and *David G. Metcalf, Deputy,* amici curiae.

HUNTER, J.—The defendant (respondent), Kenneth Wayne Walls, was charged in the Superior Court for Walla Walla County with the crime of grand larceny by false representations, the information being filed September 27, 1968, and alleging as follows:

> That the said Kenneth Wayne Walls in the county of Walla Walla, State of Washington, on or about the 17th day of September 1968, being then and there did wilfully, unlawfully and feloniously with intent to deprive and defraud, fraudulently and feloniously by false and fraudulent representation did then and there obtain from the Royal Motor Inn goods and merchandise in the amount of $219.99, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Washington.

The record shows that the defendant accumulated charges in the amount of $219.99 at a restaurant purportedly associated with the Royal Motor Inn in Walla Walla. He presented a BankAmericard belonging to one John J. Keenan to cover the charges and represented that he had authority to sign the draft on Keenan's behalf. The draft was subsequently returned to the National Bank of Commerce unpaid. In view of our disposition of the case, it would serve no good purpose to detail the lengthy series of events involving a spontaneous business venture which

began for the defendant in Reno, Nevada, and which led to the activity for which he was charged.

The defendant was tried before a jury and convicted on one count of grand larceny. His motion for a new trial was denied. On appeal, the Court of Appeals, Division Three, reversed the conviction and dismissed the case, holding that the defendant cannot be convicted of a felony for obtaining goods and merchandise from a restaurant by false and fraudulent representation under the larceny statutes, specifically RCW 9.54.010(2), since the crime of defrauding an innkeeper is exclusively a misdemeanor or gross misdemeanor under RCW 9.45.040 and RCW 19.48.110, respectively. *See State v. Walls*, 6 Wn. App. 34, 492 P.2d 236 (1971). From that decision the state timely filed its petition for rehearing, which was denied. The state thereafter filed a petition for review in this court, which was granted.

The basic issue in this case is whether the defendant was improperly charged and convicted of a felony under the larceny statutes, RCW 9.54.010(2) and RCW 9.54.090 (grand larceny), for obtaining goods and merchandise from the Royal Motor Inn by false and fraudulent representations, when such acts are prohibited by RCW 9.45.040 and RCW 19.48.110 as a misdemeanor or gross misdemeanor.

The relevant portions of the statutes with which we are concerned are as follows:

[RCW] 9.54.010 . . . Every person who, with intent to deprive or defraud the owner thereof—

. . .

(2) Shall obtain from the owner or another the possession of or title to any property, real or personal, by color or aid of any order for the payment or delivery of property or money or any check or draft, knowing that the maker or drawer of such order, check or draft was not authorized or entitled to make or draw the same, or by color or aid of any fraudulent or false representation, personation or pretense or by any false token or writing or by any trick, device, bunco game or fortune-telling; or

. . .

Steals such property and shall be guilty of larceny.
[RCW] 9.54.090 . . . Every person who steals or

unlawfully obtains, appropriates, brings into this state, buys, sells, receives, conceals, or withholds in any manner specified in RCW 9.54.010—

. . .

(6) Property of the value of more than seventy-five dollars, in any manner whatever; shall be guilty of grand larceny and be punished by imprisonment in the state penitentiary for not more than fifteen years.

[RCW] 9.45.040 . . . Every person who shall obtain any food, lodging or accommodation at any hotel, restaurant, boarding house or lodging house without paying therefor, with intent to defraud the proprietor or manager thereof, or who shall obtain credit at a hotel, restaurant, boarding house or lodging house by color or aid of any false pretense, representation, token or writing, or who after obtaining board, lodging or accommodation at a hotel, restaurant, boarding house or lodging house, shall abscond or surreptitiously remove his baggage therefrom without paying for such food, lodging or accommodation, shall be guilty of a misdemeanor.

(The above three statutes were a part of the Laws of 1909, ch. 249.)

[RCW] 19.48.010 . . . Any building held out to the public to be an inn, hotel or public lodging house or place where sleeping accommodations, whether with or without meals, or the facilities for preparing the same, are furnished for hire to transient guests, in which fifteen or more rooms are used for the accommodation of such guests, shall for the purposes of this chapter and chapter 60.64, or any amendment thereof, only, be defined to be a hotel, and whenever the word hotel shall occur in this chapter and chapter 60.64, or any amendment thereof, it shall be construed to mean a hotel as herein described.

[RCW] 19.48.110 . . . Any person who shall wilfully obtain food, money, credit, lodging or accommodation at any hotel, inn, boarding house or lodging house, without paying therefor, with intent to defraud the proprietor, owner, operator or keeper thereof; or who obtains food, money, credit, lodging or accommodation at such hotel, inn, boarding house or lodging house, by the use of any false pretense; or who, after obtaining food, money, credit, lodging, or accommodation at such hotel, inn, boarding house, or lodging house, removes or causes

to be removed from such hotel, inn, boarding house or lodging house, his or her baggage, without the permission or consent of the proprietor, manager or authorized employee thereof, before paying for such food, money, credit, lodging or accommodation, shall be guilty of a gross misdemeanor.

(The above two statutes were a part of the Laws of 1915, ch. 190.)

The defendant contends that procuring meals by fraud from a restaurant or hotel comes exclusively within the provisions of RCW 9.45.040 or RCW 19.48.110; that therefore the information was invalid on its face and the defendant could not be convicted thereunder. We agree.

■ It is the general rule that a statute is to be considered as a whole when ascertaining its intended effect, *Markham Advertising Co. v. State,* 73 Wn.2d 405, 439 P.2d 248 (1968); 2 J. Sutherland, *Statutory Construction* § 4073 at 336 (3d ed. F. Horack 1943). We have previously held that where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general law. *Mercer Island v. Walker,* 76 Wn.2d 607, 458 P.2d 274 (1969); *Airway Heights v. Schroeder,* 53 Wn.2d 625, 335 P.2d 578 (1959); *State v. Davis,* 48 Wn.2d 513, 294 P.2d 934 (1956); *State v. Becker,* 39 Wn.2d 94, 234 P.2d 897 (1951). And a related rule holds that where a general statute and a subsequent special law relate to the same subject, the provisions of the special statute must prevail. *Mercer Island v. Walker, supra; State v. Collins,* 55 Wn.2d 469, 348 P.2d 214 (1960). Both RCW 9.54.010(2) and RCW 9.45.040, although having earlier origins, were a part of the same legislative enactments, Laws of 1909, ch. 249, § 349 and § 373, respectively, the first comprehensive criminal code passed by the legislature. As such, the two sections are to be construed so as to produce a harmonious whole. It is clear that in addition to the larceny statutes in RCW 9.54, the legislature established a special criminal category under RCW 9.45.040 for the procurement of food, lodging, accommodations, or credit,

by fraud from any hotel, restaurant, boarding house or lodging house. RCW 9.45.040, therefore, is a special law which is applicable to the subject matter contemplated by it to the exclusion of the general larceny statutes.

■ The legislature further, by Laws of 1915, ch. 190, enlarged upon Laws of 1890, a prior enactment, and established a complete act dealing with the liability and protection of hotel keepers, innkeepers and lodging house keepers. Specifically, section 7 of the Laws of 1915, ch. 190, which is now codified as RCW 19.48.110, makes the defrauding of a hotel, inn, boarding house or lodging house, a gross misdemeanor. While RCW 19.48.110 contains elements similar to those of RCW 9.45.040, the former is distinguishable in that it encompasses only that class of inn, hotel or lodging house comprised of 15 of more rooms used for the accommodation of transient guests, as defined under RCW 19.48.010 in the same 1915 enactment. RCW 19.48.110, therefore, supersedes RCW 9.45.040 insofar as it applies to inns, hotels, or lodging houses comprised of 15 or more rooms, and it is also a special law applicable to the subject matter contemplated by it to the exclusion of the general larceny statutes.

From an examination of the foregoing statutes, it is clear that the defendant was erroneously charged and convicted under inapplicable larceny statutes. There is no evidence in the record to indicate the number of rooms in the Royal Motor Inn and we do not know whether, in fact, the restaurant was a part of the operation of the Royal Motor Inn which would bring the alleged crime under the purview of RCW 19.48.110 rather than RCW 9.45.040. It cannot be determined therefore, whether the defendant should have been charged under the one or the other innkeeper's statute, but in any event, he was improperly charged and convicted under the general larceny statutes.

The decision of the Court of Appeals in reversing the judgment and sentence and dismissing the case is affirmed. Since the disposition of this case does not constitute the

granting of a new trial, we need not discuss the remaining assignments of error.

HAMILTON, C.J., FINLEY, ROSELLINI, WRIGHT, and UTTER, JJ., concur.

HALE, J. (dissenting)—Defendant was charged with and convicted of fraudulently obtaining $219.99 worth of goods and merchandise from the Royal Motor Inn. The court now holds that, because the named victim is the Royal Motor Inn, the crime, regardless of the amount obtained, cannot be deemed a felony but must be regarded only as a gross misdemeanor under the innkeeper's statute (RCW 19.48.110), or as a misdemeanor under RCW 9.45.040.

In reaching this conclusion, the court fails to apply that most fundamental rule of statutory construction: to harmonize, wherever possible, statutes which seemingly have some areas of conflict or overlap so that the intention of the legislature may first be ascertained and then applied. *Beach v. Board of Adjustment*, 73 Wn.2d 343, 438 P.2d 617 (1968); *State v. Kristofferson*, 58 Wn.2d 317, 362 P.2d 596 (1961); 82 C.J.S. *Statutes* § 369 (1953).

RCW 19.48.110 makes it a gross misdemeanor to defraud an innkeeper. In enacting it, I do not think that the legislature intended to declare an open bunco season on innkeepers, hotels and restaurateurs. To the contrary, since those particular businesses are markedly susceptible to fraud and swindle and must irretrievably part with their wares and services without retaining a security interest and before payment, I think the legislature intended to afford them an added protection. I am unable to reach the bizarre conclusion that, when it comes to defrauding or swindling an innkeeper the sky is the limit, and no matter how large the take the legislature intended that the offense never amounts to more than a gross misdemeanor.

The problem is essentially one of statutory construction. Where two statutes dealing with the same subject matter to be given effect must be read in pari materia, the specific ordinarily will control the general, but that rule applies

only where the two cannot logically exist side-by-side. Repeals by implication are disfavored; the court is obliged to give effect to both statutes if it is at all possible to harmonize them. The correct solution then to this case—in applying the specific as opposed to the general—is that the innkeeper statute should be controlling only in cases where its language—and its language alone—governs, and the general grand larceny statute should be given effect in all other situations. Thus, if an innkeeper or restaurateur is swindled out of less than $75, the offense is cognizable under the innkeeper's statute; if the amount exceeds $75, then it is grand larceny. The added or additional element raising the crime from the gross misdemeanor of defrauding an innkeeper under RCW 19.48.110 and RCW 9.45.040, to grand larceny under RCW 9.54.010 and RCW 9.54.090, is that the value of the goods and services exceeds the petit larceny maximum of $75.

In *State v. Becker*, 39 Wn.2d 94, 234 P.2d 897 (1951), upon which this court's opinion appears to depend, we held that unlawfully obtaining old age assistance by means of false and fraudulent representation in excess of the petit larceny amount did not amount to grand larceny under the general criminal statute despite the amount unlawfully obtained. The offense, we thought, fell within the public assistance laws concerning the elderly which made it a misdemeaner to obtain public assistance by such false and fraudulent means. But the similarity there with respect to overlapping statutes—an almost universal problem in these days of cyclopedic legislation—to the present case is quite superficial, for in that situation, the state had enacted a comprehensive code establishing and maintaining the old age assistance system—a code governing the state department of public assistance, the state treasury, and the recipients of old age assistance alike. That case held simply that a comprehensive reenactment of the public assistance laws applicable to senior citizens and affecting the public treasury, but leaving unchanged the misdemeanor section

on penalties for fraud, evinced a legislative intent to keep such fraud and misrepresentation a misdemeanor only. This court simply discovered an intention in the legislature to make senior citizen applicants subject only to misdemeanor penalties when committing fraud in seeking old age assistance. The decision did not depart from but instead applied the basic principle that it is the duty of the courts to ascertain and then give effect to the intention of the legislature.

No such legislative intention can be found in the innkeeper statutes. We have here no comprehensive statutory scheme regulating the operation of hotels, innkeepers, restaurants and guests alike nor controlling the state treasury as it affects them. There is an absence of regulations controlling the conduct or prescribing the means and methods of those aspiring to be patrons of hotels and restaurants. Nothing about the innkeeper statute shows a legislative intention to oust the general criminal code as it relates to innkeepers generally, nor bespeaks a legislative intention to vacate the general larceny statutes particularly as they affect the act of bilking an innkeeper or restaurant proprietor of food, lodging and other related services. In short, the statute does not attempt to regulate a business or establish a class and legislate with respect to it. It merely defines different crimes and prescribes different punishments therefor.

The various criminal codes of this country are replete with overlaps and redundancies. To cite but a few, 18 U.S.C. § 1707 (1970) is one of 44 sections defining criminal acts committed in relation to the post office and postal service. It is part of an overall scheme regulating the conduct of postal business. In many cases, however, the general statute governing thefts of government property as defined in 18 U.S.C. § 641 (1966) is applied instead in cases involving thefts of stamps and money. *Conerly v. United States,* 350 F.2d 679 (9th Cir. 1965); *United States v. Leeman,* 287 F. Supp. 279 (Neb. 1967), *aff'd,* 398 F.2d 835 (8th Cir. 1968), *cert. denied,* 393 U.S. 1035, 21 L. Ed. 2d 580, 89

S. Ct. 653 (1969); *United States v. Pursley,* 431 F.2d 961 (5th Cir. 1970), *cert. denied,* 400 U.S. 879, 27 L. Ed. 2d 117, 91 S. Ct. 123 (1970).

*State v. Marcus,* 104 Ariz. 231, 450 P.2d 689 (1969), affords another example. There the conviction of a licensed physician for unlawfully dispensing narcotics was held good under the general narcotics statute although conceivably the charge could have been brought under the section regulating the sale of narcotics by physicians. In *People v. Cohen,* 12 Cal. App. 3d 298, 90 Cal. Rptr. 612 (1970), the statute regulating the insurance industry made it a misdemeanor to submit false claims to an insurance company. The accused, an attorney, was nevertheless held properly charged and convicted of grand theft under the general criminal code on the theory that the submission of the false claim constituted a misdemeanor, but collecting an amount on such false claim in excess of the petit larceny maximum constituted the felony of grand theft.

The rationale of these cases is that, if the language of either statute is sufficiently certain to avoid the bane of vagueness, that is, can be understood by a person of reasonable and ordinary understanding, then the court must ascertain and apply the legislative intent. Wherever possible, the court should harmonize and reconcile the seeming conflicts so that all sections can be given effect where applicable.

The legislature, I think, made its purpose clear. It did not intend to make light of hotels, innkeepers and restaurateurs but instead to afford those businesses an added protection from fraud and swindle. It intended, I think, that if one operates a bunco against them so as to deprive them of their wares and services in excess of the statutory petit larceny amount, this would constitute the felony of grand larceny.

STAFFORD, J., concurs with HALE, J.

Petition for rehearing denied February 15, 1973.