[No. 45578. En Banc. May 24, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. SYLVESTER
CANN, JR., *Appellant.*

194

*Mark Leemon of Seattle–King County Public Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Mary Kay Barbieri, Deputy,* for respondent.

ROSELLINI, J.—The appellant was convicted of a violation of RCW 9A.88.080(1)(b) (promoting prostitution in the second degree) upon testimony of volunteer agents of the Seattle Police Department's vice squad. According to the evidence, a female agent posing as a prostitute caught the appellant's eye as he was driving into a parking lot, and in the brief exchange which followed, he told her she needed some kind of protection. They exchanged telephone numbers. She later contacted him by phone and they arranged to meet at a restaurant. They were joined at the restaurant by another agent, also posing as a prostitute, and the appellant invited the two to establish themselves at a house of prostitution which he said he maintained. The agents invited the appellant to their hotel room. Once there, the negotiations continued for a few minutes until police officers entered the room and made the arrest.

The appellant attacks the constitutionality of the statute under which he was convicted, the pertinent parts of which are:

9A.88.080 Promoting prostitution in the second degree. (1) A person is guilty of promoting prostitution in the second degree if he knowingly:

. . .

(b) Advances prostitution.
9A.88.060 Promoting prostitution—Definitions. The following definitions are applicable in RCW 9A.88.070 through 9A.88.090:

(1) "Advances prostitution." A person "advances prostitution" if, acting other than as a prostitute or as a customer thereof, he causes or aids a person to commit or engage in prostitution, procures or solicits customers for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution.

It is first argued that the statute does not meet constitutional standards of clarity because of the alleged vagueness of the definition of prostitution contained in RCW 9A.88-.030. The arguments advanced here were before this court in *State v. Zuanich,* 92 Wn.2d 61, 593 P.2d 1314 (1979), and the question has been settled by the majority opinion rendered there.

The second contention is that the last clause of RCW 9A.88.060(1), defining "advances prostitution," is unconstitutionally vague in that it could be construed to forbid innocent conduct which might incidentally advance prostitution. A neighbor gratuitously shoveling snow from the sidewalks of a house of prostitution, or a taxicab driver taking a prostitute to meet a client are cited as examples. This is the only clause, the appellant says, into which his own conduct can reasonably be fitted. He does not suggest, however, that his own conduct was of an equally innocent nature.

The statute must be given a reasonable construction to avoid absurd consequences. It is plain that the legislature meant this clause to apply only to conduct which is designed and intended to advance prostitution. Furthermore, a statute is not rendered unconstitutional by reason of the fact that its application may be uncertain in exceptional cases, as long as the general area of conduct against which it is directed is made plain. *Seattle v. Buchanan,* 90 Wn.2d 584, 584 P.2d 918 (1978).

It is suggested that the statute inhibits the exercise of free speech. However, it does not purport to punish advocacy. Speech directed toward the persuasion of another

to enter into an illegal arrangement does not enjoy constitutional protection. *State v. Carter,* 89 Wn.2d 236, 570 P.2d 1218 (1977). That is the only kind of speech punished under this statute.

The appellant also urges that the statute should not be construed to prohibit "mere" speech. The statute declares that a person advances prostitution if he "engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution." To suggest that verbal offers or invitations, or persuasion designed to initiate or further prostitution were not within the legislative contemplation is to place upon the language a restriction which would disserve the legislative purpose. Speech is an integral part of much human conduct, as the legislature was undoubtedly aware. We find nothing in the statute to suggest that conduct involving speech was meant to be excluded. On the contrary, RCW 9A.88.060(1) expressly forbids solicitation. The employment of the term "other conduct" in the final clause of this sentence imports a legislative understanding that solicitation is a form of conduct.

If the statute embraces speech, the appellant argues further, it punishes as a class C felony the same conduct which is punished as a misdemeanor under RCW 9A.28.030, prohibiting criminal solicitation, and providing for punishment in the same manner as provided in RCW 9A.28.020. This coincidence, he urges, gives the prosecutor an option to charge either a misdemeanor or a felony for the same conduct, rendering the statute invalid.

We have said that equal protection of the laws is denied when a prosecutor is permitted to seek varying degrees of punishment when proving identical criminal elements. *State v. Ensminger,* 77 Wn.2d 535, 463 P.2d 612 (1970). In *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970), we held that the defendants were denied equal protection where statutory provisions prescribed different punishment for the same act of possession of cannabis and no basis existed in the statutes for distinguishing between persons who

could be charged under one and those who could be charged under the other.

██ RCW 9A.28.030 is a general statute covering solicitation, while RCW 9A.88.080 is a special statute, punishing conduct designed to institute, aid, or facilitate prostitution, including solicitation for such purposes. The rule is that where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general. *State v. Walls*, 81 Wn.2d 618, 503 P.2d 1068 (1972); *State v. Davis*, 48 Wn.2d 513, 294 P.2d 934 (1956); *State v. Becker*, 39 Wn.2d 94, 234 P.2d 897 (1951). 2A C. Sands, *Sutherland's Statutory Construction* § 51.05 (1973).

As these cases hold, where a special statute punishes the same conduct which is punished under a general statute, the special statute applies and the accused can be charged only under that statute. Thus the prosecutor has a basis for distinguishing between persons who can be charged under one or the other statute, and is not at liberty to charge under the general statute a person whose conduct brings his offense within the special statute. Under such circumstances, there is no denial of equal protection of the laws.

Finally, the appellant contends that there was insufficient evidence to convict him, there being no showing that his offer to assist the agents in the enterprise of prostitution was accepted. He cites *State v. Carter, supra,* where we held that a prior statute required proof of such an agreement. That statute, RCW 9.79.060(3) provided for punishment of every person who should "give, offer, or promise any compensation, gratuity or reward, to procure any person for the purpose of placing such person for immoral purposes in any house of prostitution, or elsewhere". A strict construction of that language, we decided, made apparent acceptance an element to be proved.

██ As we said there, penal statutes are strictly construed so that only that conduct which is clearly and manifestly within the statutory terms is subject to punitive sanctions. The rule, however, does not require a forced,

narrow, or overstrict construction which defeats the intent of the legislature. RCW 9A.88.060(1) declares that a person advances prostitution if he engages in any conduct "designed to institute, aid, or facilitate an act or enterprise of prostitution." It is the design of the conduct and not the formation of an agreement which brings it within the statutory definition. Conduct designed to produce a particular result may or may not bear fruit. If it fails, it is no more than an attempt. Still, such an attempt is covered under the language used. While under the prior statute we found no intent to punish mere attempts, the same cannot be said for the enactment under consideration here.

The judgment is affirmed.

WRIGHT, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.

STAFFORD, J.—I dissent. The majority concedes the constitutionality of RCW 9A.88.080 ("promoting prostitution") is wholly dependent upon the constitutionality of RCW 9A.88.030 (defining "prostitution"). The majority points out that the recent case of *State v. Zuanich,* 92 Wn.2d 61, 593 P.2d 1314 (1979) holds RCW 9A.88.030 meets the constitutional standard requiring adequate prior notice of that conduct which will subject one to criminal penalty.

While that issue was decided in *Zuanich* it was resolved incorrectly. No useful purpose will be served by repeating the dissent set forth in *Zuanich* at page 68. However, for the reasons set forth at length therein, I also dissent in this case. In light of the nature of the dissent, all remaining issues in the instant case would become moot.

UTTER, C.J., and HICKS, J., concur with STAFFORD, J.