[No. 5919-3-II. Division Two. June 28, 1982.]

THE STATE OF WASHINGTON, *Appellant,* v. JAMES DARRIN, ET AL, *Respondents.*

*Curtis M. Janhunen, Prosecuting Attorney,* and *Gerald Fuller, Deputy,* for appellant.

*Edward Schaller, Jr.,* for respondents.

WORSWICK, J.—Does RCW 76.48, the "specialized forest products" statute, supersede RCW 9A.56, the general theft statute, in a prosecution for theft of cedar from a forest? The trial court held that it does. Are defendants who are charged under RCW 9A.56 with such a theft deprived of equal protection because of the prosecutor's discretion to charge under either statute? The trial court held that they are. On the State's appeal of an order dismissing such charges, we reverse on both grounds.

On October 10, 1980, defendants were arrested on a United States Forest Service road in the Olympic National Forest while transporting a load of cedar shake blocks. Both admitted to cutting the blocks from a large tree that had fallen across a forest service road, and that they intended to sell the cedar. They were charged with second degree theft, a class C felony under RCW 9A.56.040, instead of with a gross misdemeanor under RCW 76.48. The trial court granted their motion to dismiss on the bases indicated above.

Defendants argue here that, where general and special laws are concurrent, the special law applies to the subject matter contemplated by it to the exclusion of the general law, citing, *inter alia, State v. Cann,* 92 Wn.2d 193, 197, 595 P.2d 912 (1979) and *State v. Walls,* 81 Wn.2d 618, 622, 503 P.2d 1068 (1972). They also contend that, because

cedar theft is proscribed both by RCW 76.48 and RCW 9A.56, the prosecutor's discretion to charge a felony or a gross misdemeanor for the same conduct violates their right to equal protection. The State contends that RCW 76.48 and RCW 9A.56 do not relate to the same conduct because a crime under one involves different elements than a crime under the other. The State also seeks to demonstrate, by analysis of the two, that RCW 76.48 is not the sort of special statute that supersedes RCW 9A.56 in the area of cedar theft. We agree with the State's position.

■■ The rule that a special takes precedence over a general statute does not apply to criminal laws which contain different elements and are so structured as to provide appropriate standards for prosecutors to use in making charging decisions. *State v. Cain,* 28 Wn. App. 462, 465, 624 P.2d 732 (1981); *State v. Wilder,* 12 Wn. App. 296, 298, 529 P.2d 1109 (1974). Also, a prosecutor's discretion to charge separate crimes with differing punishments does not violate equal protection if the crimes require proof of different elements. *State v. Wanrow,* 91 Wn.2d 301, 588 P.2d 1320 (1978); *State v. Reid,* 66 Wn.2d 243, 401 P.2d 988 (1965). Even if two statutes relate to the same subject matter, both should be given meaning and effect where they are not in conflict. *See Pearce v. G.R. Kirk Co.,* 92 Wn.2d 869, 602 P.2d 357 (1979).

Defendants principally rely on *State v. Cann, supra,* and *State v. Walls, supra. Cann* held that RCW 9A.88.080, prohibiting solicitation of prostitution, was a special statute that applied to the exclusion of the general solicitation statute, RCW 9A.28.030. *Walls* held that RCW 9.45.040 and RCW 19.48.010, the "defrauding an innkeeper" statutes, were special statutes that applied to the exclusion of former RCW 9.54.010, the general larceny statute. All three statutes in *Walls* required proof of "obtaining property" with "intent to defraud." The differences were that RCW 9.54.010 related to defrauding an "owner," RCW 9.45.040 related to "defrauding an innkeeper," and RCW 19.48.110 related to defrauding the "keeper of an inn with 15 or more

rooms." The distinctive feature of the special statutes in the *Cann* and *Walls* cases is that they defined specific ways of committing a general offense; in other words, a person who violated the special statute necessarily also violated the general statute. *See also State v. Bower,* 28 Wn. App. 704, 710–11, 626 P.2d 39 (1981), and cases cited therein.

RCW 9A.56 involves the classic elements of theft whereas RCW 76.48 prohibits harvesting or transporting specialized forest products (including cedar) without a permit.[1]

One who violates RCW 76.48 does not necessarily violate RCW 9A.56. RCW 76.48 would be a special statute if it only defined a certain type of theft, but the State is not obligated to prove theft in order to prove a violation. Second degree theft requires proof that the value of the property taken exceeded $250; application of RCW 76.48 does not turn on value. Theft requires proof of "intent to deprive"; RCW 76.48 only requires harvesting or transporting without a permit. One can violate RCW 76.48 by harvesting only; RCW 9A.56 requires asportation. Property must be taken from another in a theft; a landowner without a permit can violate RCW 76.48 by harvesting his own trees.

 Our conclusion that RCW 76.48 does not preempt RCW 9A.56 is further supported by RCW 76.48.910 which states that "this chapter is not intended to repeal or modify any provision of existing law." The question of statutory preemption is one of legislative intent. *State v. Bower,* 28 Wn. App. at 711. Despite this clear legislative expression, the trial court interpreted RCW 76.48 as repealing by implication RCW 9A.56 in the area of cedar thefts. Repeals by implication are disfavored. *U.S. Oil & Ref. Co. v. Department of Ecology,* 96 Wn.2d 85, 633 P.2d 1329 (1981);

---

[1]RCW 9A.56.040, second degree theft, requires that defendants: (1) Wrongfully obtained or exerted unauthorized control over property of another; (2) valued in excess of $250; (3) with the intent to deprive the owner of his or her property.

RCW 76.48.130 requires that defendants: (1) Harvest (or transport under RCW 76.48.070(2)); (2) a specialized forest product; (3) without a permit.

*State v. Ensminger,* 77 Wn.2d 535, 463 P.2d 612 (1970).

The trial court apparently based its decision in part on *State v. Kerr,* 14 Wn. App. 584, 544 P.2d 38 (1975), in which we held that RCW 76.48 preempted former RCW 9.61.070, which regulated malicious destruction of property. *Kerr* is clearly distinguishable. There, RCW 9.61.070 specifically stated that it should apply only where no special punishment was otherwise prescribed. Here, RCW 9A.56 contains no suggestion that its application should be restricted in the area of cedar thefts. Similarly, defendants have misplaced reliance on *State v. Collins,* 55 Wn.2d 469, 348 P.2d 214 (1960), where the Supreme Court held that negligent homicide superseded manslaughter in all cases of vehicular homicide. In *Collins* the court had before it express legislative history that negligent homicide should preempt manslaughter. *See State v. Bower,* 28 Wn. App. at 713. There is no express history here.

The foregoing analysis also shows that there is no equal protection violation. The two statutes, although perhaps treating with the same subject matter, create different crimes with different proof requirements.

Reversed and remanded for proceedings consistent with this opinion.

REED, C.J., and PETRICH, J., concur.

Reconsideration denied July 20, 1982.

Review denied by Supreme Court October 22, 1982.