IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77587-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JOSEPH DINO BUFFALINO, | ) | |
| | ) | FILED: April 22, 2019 |
| Appellant. | ) | |

VERELLEN, J. — Because RCW 9A.88.060 does not implicate free speech and because Joseph Buffalino fails to argue .060 is unconstitutional as applied to his conduct, his appeal fails.

Therefore, we affirm.

## FACTS

The State charged Buffalino with several charges, including one count of first degree promoting prostitution. The jury found Buffalino guilty of second degree promoting prostitution, the lesser included of first degree promoting prostitution.[1]

---

[1] Buffalino appeals only his conviction of second degree promoting prostitution.

ANALYSIS

Buffalino contends his conviction for second degree promoting prostitution should be reversed because RCW 9A.88.060(1), defining "advancing prostitution," is unconstitutionally vague.

Under the Fourteenth Amendment to the United States Constitution and article 1 of the Washington Constitution, the due process vagueness doctrine requires statutes "provide citizens with fair warning of what conduct they must avoid" and "protect them from arbitrary, ad hoc, or discriminatory law enforcement."[2] "'[A] statute is void for vagueness if either: (1) the statute does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed; or (2) the statute does not provide ascertainable standards of guilt to protect against arbitrary enforcement.'"[3] The party challenging a statute has the burden of proving it is unconstitutionally vague.[4]

"A person is guilty of promoting prostitution in the second degree if he or she knowingly . . . [a]dvances prostitution."[5] Under RCW 9A.88.060(1),

A person "advances prostitution" if, acting other than as a prostitute or as a customer thereof, he or she causes or *aids a person to commit or engage in prostitution*, procures or solicits customers for prostitution, provides persons or premises for

---

[2] State v. Halstien, 122 Wn.2d 109, 116-17, 857 P.2d 270 (1993)

[3] Id. at 117 (internal quotation marks omitted) (quoting City of Spokane v. Douglass, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)).

[4] Id. at 118.

[5] RCW 9A.88.080 (emphasis added).

2

prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution.[6]

When a challenged statute does not involve First Amendment interests, an appellant may challenge the statute only as it applies to their own conduct.[7] As a threshold matter, the State argues Buffalino cannot make a facial challenge to .060 because the statute does not implicate the First Amendment.

Buffalino argues .060 implicates protected speech. But in State v. Cann, the appellant challenged the last clause of RCW 9A.88.060(1) as unconstitutionally vague because "it could be construed to forbid innocent conduct which might incidentally advance prostitution."[8] Our Supreme Court acknowledged "[s]peech directed toward the persuasion of another to enter into an illegal arrangement does not enjoy constitutional protection" under the First Amendment.[9] And the court determined "[t]hat is the only kind of speech punished under this statute."[10]

In his reply brief, Buffalino argues section .060 does implicate the First Amendment because it "prohibits all aid, not only aid provided for the purpose of furthering prostitution."[11] But this argument ignores the express language of

---

[6] RCW 9A.88.060(1) (emphasis added).

[7] Douglass, 115 Wn.2d at 182.

[8] 92 Wn.2d 193, 195, 595 P.2d 912 (1979).

[9] Id. at 195-96.

[10] Id. at 196.

[11] Reply Br. of App. at 8.

3

the challenged clause. Section .060 provides a person advances prostitution if, "acting other than as a prostitute or as a customer thereof, he or she causes or aids a person *to commit or engage* in prostitution."[12] The statute does not prohibit general aid to a known prostitute. Rather, the statute prohibits an individual from aiding a person to commit prostitution. Buffalino fails to provide any authority that the First Amendment protections extend to conduct that "aids a person to commit or engage in prostitution."

Although Buffalino challenges a different portion of .060 than at issue in Cann, the analysis in Cann extends to the entire statute: "Speech directed toward the persuasion of another to enter into an illegal arrangement does not enjoy constitutional protection," and "[t]hat is the only kind of speech punished under this statute." RCW 9A.88.060 does not implicate the First Amendment. Buffalino cannot challenge .060 as unconstitutionally vague on its face.

And Buffalino fails to provide any argument as to how RCW 9A.88.060 is unconstitutionally vague as applied to his own conduct. Rather, he relies on hypothetical scenarios to illustrate that .060 is unconstitutionally vague. "Therefore, a person who gives food or drink to another whom he or she knows to engage in prostitution would 'aid' in its commission by helping him or her

_____

[12] RCW 9A.88.060(1).

4

survive, thereby advancing prostitution."[13]  Buffalino does not suggest that his own conduct was of an equally innocent nature.[14]

Because RCW 9A.88.060 does not implicate First Amendment issues and because Buffalino fails to argue .060 is unconstitutional as applied to his conduct, his appeal fails.

Therefore, we affirm.

WE CONCUR:

_____

_____

_____

---

[13] Appellant's Br. at 15.

[14] See Cann, 92 Wn.2d at 195 ("The second contention is that the last clause of RCW 9A.88.060(1), defining 'advances prostitution,' is unconstitutionally vague in that it could be construed to forbid innocent conduct which might incidentally advance prostitution.  A neighbor gratuitously shoveling snow from the sidewalks of a house of prostitution, or a taxicab driver taking a prostitute to meet a client are cited as examples.  This is the only clause, the appellant says, into which his conduct can reasonably be fitted.  He does not suggest, however, that his own conduct was of an equally innocent nature.").